BY THE COURT.
The testimony is directed to the court, and not to the jury, and we will hear it.
The witness testified that the bond given by him to the defendant for a deed, was assigned to Woods, and surrendered when the deed was made. He gave it to a boy to write upon as waste paper .and it was destroyed.
It was proven that Pindall said he>held under Masterton, and was .-still in possession, and there the plaintiff rested.
WRIGHT, J. The evidence conduces to prove the plaintiff’s title, and must go to the jury.
The defendant then offered evidence to pi’ove his own general habit of intoxication. The plaintiff objected.
*WRIGHT, J. You may prove fraiid in obtaining the deed, [508 ;as that would make it void. The general habit of intoxication, ■unless it is expected to connect it with the plaintiff’s lessor, will not -avail. We suppose the plaintiff will admit the defendant generally drunk, if desired, as that will save time, and then, if there be •evidence that he was made so by the lessor of the plaintiff, and •executed the deed under such influence, it may avail. Unless it is proposed to do that, it will be useless to proceed, as we must in-struet the jury, that under other circumstances the drunkenness will ■be of no avail.
A number of witnesses were then examined upon that point.
WRIGHT, J. to the jury. The defendant being in possession ••of the premises in dispute, has a legal right to remain, except a better legal right is shown in the lessor of the plaintiff to take the possession from him.
If the proof satisfy you that Pindall entered into the possession under a contract with Masterton (made when he was in possession), ^though he show no contract or title, he will be presumed Master- *522 ton’s tenant at will. A tenancy at will would be terminated by the-conveyance to Woods, which transferred to him the legal estate,, that would establish the plaintiff’s right to your verdict, unless the evidence for the defendant shall establish such fraud in procuring the deed, as makes it void. It is sought to vitiate the deed upon, the ground that it was obtained upon an assignment of a man made drunk by the assignee, in order to obtain it. Should you find this, allegation proven, the deed is void; you will consider the case as if none had ever been made from Masterton; but if the proof only goes to satisfy you that Pindall was habitually a drunkard, without, being made so by Woods to procure the assignment, or if, in fact,, the assignment was not made by Pindall when drunk, the defencefails.
Verdict for the plaintiff.